BARTON & a. v. TUTTLE & a.

A testator provided in his will as follows: "I give and devise unto my wife, M. M., her maintenance out of my real and personal property situated and being in the town of C., so long as she may continue my widow; and from and immediately after her marriage or decease I give and devise all my real estate and personal property then being in said C. to my daughter S. D. and to my daughter A. M. during their natural lives; and from and immediately after their decease, I give and devise the same unto the heirs of S. D. that she now has and to the heirs of my daughter A. M., should they arrive at the age of twenty-one years; and in case they should not, I give and devise to the heirs of M. B., wife of D. B., equal shares of said property with the heirs of my daughter S. D." A. M. died without issue—*Held*, that by the word "heirs" the testator intended children, and that the children of M. B. were entitled to one half of the real estate in C.

PETITION FOR PARTITION. Ebenezer Miller, of Chichester in said county, died March 31, 1836, leaving a will dated March 26, 1834, which contains the following among other provisions: "I give and devise unto my wife Mary Miller her maintenance out of my real and personal property situated and being in the town of Chichester. . . . so long as she may continue my widow and from and immediately after her marriage or decease I give and devise all my real estate and personal property then being in said Chichester to my daughter Susannah Dow and to my daughter Abigail Miller during their natural lives and from and immediately after their decease I give and devise the same unto the heirs of Susannah Dow that she now has and to the heirs of my daughter Abigail Miller should they arrive at the age of twenty-one years and in case they should not I give and devise to the heirs of Mary Barton wife of David Barton equal shares of said property with the heirs of my daughter Susannah Dow.

"Should either of my daughters Susannah Dow or Abigail Miller die before my wife Mary Miller I give and devise their title to said property to my said wife Mary Miller and none of the property is to descend to either of the heirs mentioned above until after the decease of Susannah Dow my daughter and my daughter Abigail Miller shall have deceased or until the marriage or decease of my wife Mary Miller.

"Also I give and devise unto my daughter Mary Barton . . . one good feather bed . . . with suitable bedding for the same to be delivered to her immediately after the marriage or decease of my wife Mary Miller. Also I give and devise unto the said Mary Barton my daughter all my land and buildings which I purchased of Charles Barton situate partly in Pittsfield and partly in

Epsom . . . to have and to hold to my said daughter Mary
Barton and her assigns for and during the term of her natural life
without impeachment of waste and from and immediately after
her decease I give and devise the same unto the lawful heirs of
my daughter Mary Barton."

The will was proved and allowed on the fourth Tuesday of
April, 1836. The testator left surviving him a widow, said Mary
Miller, a son to whom he gave a small legacy, and three daugh-
ters, Susannah Dow, Mary Barton, and Abigail Miller. Mary
Miller died September 18, 1852, never having married again.
Susannah Dow was married, and had two children at the date of
the will; she never had but one other child, and this died before the
date of the will. She died in November, 1880. One of her chil-
dren, Henry H. Hall, is now living, and is one of the defendants;
her other child, Sally Green, died in 1870, leaving six sons, all still
living. These sons, or their assignees, are also defendants. Abi-
gail Miller was not married till after her father's and mother's
decease, and died in 1872 without issue. Mary Barton, aged about
81, is still living, and has nine children who are living; she had
one other child, who has died leaving six children. Mary's nine
children and six grandchildren are the plaintiffs.

The testator left a farm and woodland in Chichester, containing
about seventy-two acres, which has not been disposed of or encum-
bered by the widow or children, and is now to go to the parties
entitled to it under the will. This real estate was appraised in
the inventory of Ebenezer Miller's estate at $800. Ebenezer
Miller's land and buildings, "purchased of Charles Barton, situate
partly in Pittsfield and partly in Epsom," were appraised at $175
in said inventory.

The parties agreed to the foregoing facts for the purpose of
determining who are entitled to the Chichester real estate, and
what share each is entitled to.

*S. Dana* and *J. Y. Mugridge,* for the plaintiffs.

*Chase & Streeter,* for the defendants.

CLARK, J. Upon the death of the widow of the testator, in
September, 1852, the daughters Susannah Dow and Abigail Miller
took a life estate in the Chichester real and personal property,
which terminated at the death of the survivor, Susannah, in No-
vember, 1880. The language of the second clause of the will
indicates that it was the intention of the testator that the estate
should not be divided until the termination of the estates of the
widow and of the daughters Susannah and Abigail, and no distri-
bution has been made.

By the word "heirs" the testator evidently meant children;
and by the terms of the will, after the decease of Susannah and

Abigail, the estate, real and personal, was to be divided between the children of Susannah living at the date of the will, and the children of Abigail who should arrive at the age of twenty-one years; and we think the reasonable construction is, that the testator intended a division into two equal parts between the two classes of children,—the children of Susannah and the children of Abigail,—each receiving one half of the Chichester estate. In case Abigail left no children answering the conditions of the will, the children of Mary Barton were to receive equal shares of said property with the children of Susannah Dow; and this contingency happened. Abigail died leaving no children; and omitting from the will the provisions relating to the children of Abigail, it reads,—"I give and devise all my real estate and personal property then being in said Chichester to my daughter Susannah Dow and to my daughter Abigail Miller during their natural lives, and from and immediately after their decease I give and devise the same unto the heirs of Susannah Dow that she now has, and . . . to the heirs of Mary Barton . . . equal shares of said property with the heirs of my daughter Susannah Dow." This disposition of the estate indicates a similar division into two equal parts between the children of Susannah Dow as a class and the children of Mary Barton, the words "equal shares" having reference to the real estate and personal property, and meaning an equal share of each.

It is argued that the testator intended the bequest to the heirs of Abigail Miller, and not the whole of the Chichester estate, should be equally divided between the heirs of Susannah Dow and the heirs of Mary Barton, in case Abigail Miller died leaving no children, and the argument is based upon the assumption that by such a division the daughters and their children would be treated upon terms of equality, as the testator would naturally be supposed to treat them. This assumption is erroneous. Upon the facts appearing in the case as to the value of the Chichester and Pittsfield property, as shown by the appraisal, such a division, instead of producing equality, would give to the two children of Susannah Dow a larger share of the testator's estate than the ten children of Mary Barton would receive. Besides, in the language of the bequest,—"I give and devise to the heirs of Mary Barton . . . equal shares of said property with the heirs of my daughter Susannah Dow,"—the words "said property" refer to the "real estate and personal property" previously named, and by no reasonable construction can they be understood as referring to the share of the property which Abigail's heirs might have received.

The use of the word "heirs" by the testator in speaking of the children of his daughters, and the fact that he designates them by classes and not as individuals, indicate that he intended his bequests to them by classes and not as individuals; and while it may not be certain that such was his intention, we think it safe in

cases of doubt to apply the rule governing the descent of estates and the statute of distribution, and hold that the legatees take *per stirpes* and not *per capita*.

The children and grandchildren of Mary Barton are entitled to one half of the Chichester real estate; the children are entitled to one twentieth each, and the grandchildren to one one hundred and twentieth each; Henry H. Hall is entitled to one fourth, and the six grandsons of Susannah Dow to one twenty-fourth each.

*Case discharged.*

ALLEN, J., did not sit: the others concurred.